UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stephen Yang LLC,

Plaintiff,

v.

Fortuna Realty Hotel Soho LLC,

Defendant.

Case No:

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Stephen Yang LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Fortuna Realty Hotel Soho LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is a professional photography company that owns and licenses original photographic works created by award-winning photojournalist Stephen Yang ("*Yang*"). Plaintiff's photographs are routinely licensed and published through newspapers, media organizations, editorial publications, and digital-media outlets.

3. Yang created a photograph depicting two women servers in traditional German dirndls holding large mugs of beer and a tray of food, with the Brooklyn Bridge visible in the background (the "*Photograph*"), in which Plaintiff owns the rights and licenses for various authorized uses, including online and print publications.

4. Defendant owns and operates the Instagram account known as "hotelhugosoho" (the "*Account*"), which serves as a marketing, branding, audience-engagement, customer-acquisition, and business-development platform through which Defendant promotes its hotel, hospitality, lodging, event, restaurant, and related commercial services.



SLG SANDERS · LAW GROUP ·

5. Defendant's business model depends in substantial part upon the creation, publication, promotion, and distribution of visual content through the Account. Defendant uses the Account to attract prospective customers, strengthen its brand, increase audience engagement, generate bookings and reservations, and promote its services.

6. Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph through the Account in connection with those activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff is a New Jersey limited liability company and maintains a principal place of business in Somerset County, New Jersey.

8. Defendant is a Delaware limited liability company with a principal place of business at 525 Greenwich Street, New York in New York County, New York.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

12. Plaintiff is a professional photography company whose work has been widely published by newspapers, media organizations, editorial publications, digital-media companies,

and news outlets.

13. Yang is an award-winning professional photographer and photojournalist whose work has appeared in major newspapers, magazines, websites, and media publications throughout the United States.

14. Yang is recognized for documenting newsworthy events, business developments, hospitality venues, restaurants, nightlife, entertainment, politics, public affairs, and matters of public interest.

15. Plaintiff's photographs have been licensed and published by prominent media organizations and are regularly used in connection with editorial, journalistic, commercial, and promotional content.

16. Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of its photography business.

17. Plaintiff has devoted substantial time, skill, effort, training, creativity, and expense to developing its photography business and creating a portfolio of original photographic works.

18. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office covering many of its photographs.

19. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

20. On September 20, 2019, Yang first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

21. Yang published the Photograph by commercially licensing it to the New York Post for purposes of display and public distribution.

22. In creating the Photograph, Yang personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, camera equipment, and other creative elements used to capture the image and made each and every artistic determination necessary for creation of the



SLG SANDERS LAW GROUP

work.

23. On September 29, 2019, the Photograph was registered by the USCO under Registration No. VA 2-172-240.

24. Yang created the Photograph with the intention that it be used commercially and for purposes of display and public distribution.

25. Plaintiff acquired the rights in and to the Photograph by written assignment and is the owner of all claims asserted herein.

**B. Defendant's Infringing Activity**

26. Defendant is the registered owner of the Account and is responsible for its content.

27. Defendant is the operator of the Account and is responsible for its content.

28. The Account forms a significant component of Defendant's commercial enterprise and serves as a marketing, branding, customer-acquisition, audience-engagement, and business-development platform through which Defendant promotes its hotel, lodging, hospitality, event, food-and-beverage, and related commercial services.

29. Upon information and belief, the Account is used to attract prospective customers, promote Defendant's amenities and services, showcase the guest experience, strengthen Defendant's brand identity, increase consumer engagement, and encourage bookings and reservations.

30. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of visual-media content through the Account in order to attract audience attention, increase engagement, enhance brand visibility, expand audience reach, promote products and services, and generate commercial value.

31. Upon information and belief, Defendant operates in an industry in which photographs, visual-media content, lifestyle imagery, hospitality imagery, and other copyrighted content are routinely used to market services, establish brand identity, influence consumer behavior, and attract prospective customers.

32. Upon information and belief, Defendant used the Photograph in connection with

SLG SANDERS LAW GROUP

content published on the Account in order to increase the attractiveness, effectiveness, credibility, and promotional value of content through which Defendant promoted its business operations.

33. On or about September 28, 2021, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Account as part of an on-line post at URL: https://www.instagram.com/p/CUXmcmSs2mL/ (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

34. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

35. Plaintiff first observed the Infringement on October 4, 2023.

36. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

37. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

38. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Account, including Plaintiff's Photograph.

39. Defendant exercised control over the content published on its Account and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

40. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Account by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

SLG SANDERS LAW GROUP

41. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Account on Defendant's behalf.

42. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

43. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Account, including the content containing Plaintiff's Photograph.

44. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Account. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

45. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Account and exercised such control through its Representatives acting within the course and scope of their authority.

46. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

47. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

48. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.



SLG SANDERS · LAW GROUP ·

49. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Account.

50. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

51. Upon information and belief, Defendant monitors the content on its Account.

52. Upon information and belief, Defendant received a financial benefit directly attributable to the Infringement.

53. Upon information and belief, the Infringement increased engagement with the Account and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

54. Upon information and belief, Defendant received a financial benefit directly attributable to the Infringement.

55. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Account and derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities.

56. Upon information and belief, Defendant derived commercial value from using the Photograph to attract attention to the Account, promote its hotel, hospitality, lodging, food-and-beverage, event, and related services, and enhance the effectiveness of its marketing and branding activities.

57. Defendant's use of the Photograph harmed the actual market for the Photograph.

58. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

59. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license its work to other commercial entities.

60. On June 24, 2024, Plaintiff, through counsel, notified Defendant of the infringing

activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

61. On August 2, 2024, Plaintiff, through counsel, sent an additional communication seeking to resolve the dispute without litigation and affording Defendant a further opportunity to address Plaintiff's claims.

62. On February 26, 2026 and again on March 30, 2026, Plaintiff, through counsel, sent additional communications seeking to resolve the dispute without litigation and affording Defendant further opportunities to address Plaintiff's claims.

63. Despite receiving multiple communications concerning Plaintiff's claims over an extended period of time, Defendant failed and/or refused to adequately address Plaintiff's claims and continued to maintain the Infringement on the Account.

64. Upon information and belief, the Infringement remained publicly accessible after Defendant received notice of Plaintiff's claims and continued to be publicly displayed through the Account.

65. Defendant's failure to remove the Infringement after receiving repeated notice of Plaintiff's rights, together with Defendant's continued maintenance of the Infringement thereafter, constitutes evidence that Defendant acted knowingly, intentionally, and with reckless disregard for Plaintiff's rights under the Copyright Act.

66. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

67. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## **FIRST CAUSE OF ACTION**
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

68. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

69. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

70. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

71. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

72. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

73. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

74. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

75. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

76. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

77. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

SLG SANDERS · LAW GROUP ·

## JURY DEMAND

78. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: August 17, 2026

**SANDERS LAW GROUP**

By: /s/ *Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 130226

*Attorneys for Plaintiff*